IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ALONSO VEGA,

      Petitioner,                    No. CIV S-10-398 GGH P

      vs.

FRANCISCO JAQUEZ,

      Respondent.                 ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

The petition raises three claims: 1) insufficient evidence; 2) ineffective assistance of counsel; 3) denial of right to a fair trial. According to the petition, only the insufficient evidence claim is exhausted as it has been denied by the California Supreme Court. The other two claims are pending in a habeas corpus petition filed in San Joaquin County Superior Court.

Because only one of petitioner's claims is exhausted, petitioner will be given the opportunity to proceed in one of two ways.[1] Petitioner may file a motion to stay this action

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

pending exhaustion of the unexhausted claims or proceed on the exhausted claim only.

In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. <u>Rhines</u>, <u>supra</u>, at 277-78, 125 S.Ct at 1535.

If petitioner wishes to stay this action, he shall file a motion addressing the <u>Rhines</u> factors. In the alternative, petitioner may proceed with a stay request as outlined in <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

In the alternative, petitioner may file an amended petition in this court raising only exhausted claim. If petitioner chooses the second method, however, the court cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991); <u>see</u> <u>also</u> <u>Rose</u>, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (no. 2) is granted;

2. Within twenty-eight days petitioner shall file either a motion to stay or an amended petition containing his exhausted claims only; if petitioner files an amended petition, this action will proceed on the exhausted claim only.

DATED: March 23, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

veg398.ord