IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ALONSO VEGA,

    Petitioner,               No. CIV S-10-398 GGH P

    vs.

FRANCISCO JAQUEZ,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. Doc. #5.

        By Order on March 23, 2010, the court noted that petitioner's petition consisted of one exhausted claim and two unexhausted claims. Petitioner was given the option of filing a motion to stay the action under <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) or the procedure described in <u>King v Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), or proceed on the exhausted claim only. On April 19, 2010, petitioner filed a motion to stay that failed to address any of the options discussed by the court. Petitioner has also filed a motion to appoint counsel.

\\\\\

1

Petitioner's motion discusses the law involved in staying a petition but does not set forth any facts on why petitioner has not exhausted all his claims and simply states he wants a stay. As plaintiff has not alleged any facts whatsoever in his motion, a stay pursuant to Rhines is not appropriate.

The court will construe petitioner's motion to be a request for a stay under King/Kelly which the court will grant. The court cannot determine if petitioner has suitable time to exhaust the remaining claims in state court, though petitioner has indicated that a state habeas case is pending in San Joaquin County Superior Court.

In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claim adjudicated during the pendency of such a stay.

Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's April 19, 2010, motion to stay is granted in that the unexhausted claims in the original petition, claims two and three, are stricken without prejudice and this action be administratively stayed pursuant to King/Kelly;

2. Petitioner shall inform the court within twenty-eight days of exhausting his claims in state court.

3. Petitioner's April 22, 2010, request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings

DATED: June 1, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
veg398.ord2