IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ALONSO VEGA,

    Petitioner,                  No. 2:10-cv-0398 JAM AC P

    vs.

FRANCISCO JAQUEZ,

    Respondent.             <u>FINDINGS & RECOMMENDATIONS</u>

                                /

          Petitioner, a state prisoner proceeding pro se and in forma pauperis, proceeds with a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss. Petitioner opposes the motion. Also pending is petitioner's motion for leave to amend the petition. Upon review of the motions, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                       RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

          On May 4, 2007, petitioner was convicted by a jury of second degree murder, in violation of California Penal Code § 187, and being a felon in possession of a firearm, in violation of California Penal Code § 12021(a). Second Amended Petition ("SAP") at 2. On

1

1   June 25, 2007, petitioner was sentenced to state prison for an aggregate term of 15 years to life
2   plus eight months.  Id.

3   On March 7, 2008, petitioner filed a timely appeal with the California Court of
4   Appeal, Third Appellate District, raising only a single claim for relief: insufficient evidence.
5   Lod. Doc. No. 1.  On December 31, 2008, plaintiff's appeal was denied.  Lod. Doc. No. 4.

6   Petitioner timely filed a petition for review in the California Supreme Court,
7   which summarily denied the petition on March 11, 2009.  Lod. Doc. Nos. 5-6.

8   On January 26, 2010, petitioner filed a petition for writ of habeas corpus with the
9   San Joaquin County Superior Court.  Lod. Doc. No. 7.  There, petitioner brought two claims for
10  relief: ineffective assistance of trial counsel and denial of right to fair trial.  Id.  This petition was
11  denied on March 4, 2010 by the superior court for petitioner's failure to support his claims.  Lod.
12  Doc. No. 8.

13  On February 9, 2010, petitioner filed suit in this court, raising the following
14  grounds for relief: (1) insufficient evidence, (2) ineffective assistance of trial counsel, and (3)
15  denial of right to a fair trial.  The court screened this complaint on March 23, 2010 and found
16  that only the first ground for relief was exhausted.  ECF No. 6.  Accordingly, petitioner was
17  granted leave to file either a motion to stay or an amended petition containing only exhausted
18  claims.

19  Plaintiff filed a motion to stay on April 19, 2010, which the court granted on June
20  1, 2010 pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) and Kelly v. Small, 315 F.3d
21  1063 (9th Cir. 2003).  ECF No. 9.  Petitioner's second and third claims, which were
22  unexhausted, were stricken without prejudice and this action was administratively stayed.

23  While this action was stayed, petitioner filed a first amended petition in this court,
24  which was stricken from the docket as improperly filed because it was determined to be a copy
25  of a petition intended to be filed in the Superior Court of San Joaquin and submitted here to
26  demonstrate that petitioner is still in the process of exhausting his claims.  See ECF Nos. 12-13.

On April 21, 2011, petitioner filed a second petition for writ of habeas corpus in the San Joaquin County Superior Court. Lod. Doc. No. 9.  In that second petition, petitioner raised three grounds for relief: (1) ineffective assistance of trial counsel, (2) denial of right to fair trial, and (3) ineffective assistance of appellate counsel.  On July 6, 2011, the petition was denied by the San Joaquin County Superior Court.  Lod. Doc. No. 10.

On December 9, 2011, filed a petition for writ of habeas corpus with the California Court of Appeal, Third Appellate District.  Lod. Doc. No. 11.  This petition was summarily denied by the appellate court on December 15, 2011.  Lod. Doc. No. 12.

Also on December 9, 2011, petitioner filed the operative SAP in this court.  ECF No. 14.  Here, petitioner seeks relief on grounds of (1) ineffective assistance of trial counsel, (2) denial of right to fair trial, and (3) ineffective assistance of appellate counsel.  Petitioner does not raise a claim of insufficient evidence.

On February 8, 2012, one month after filing the SAP in this court, petition filed a petition for writ of habeas corpus with the California Supreme Court, Case No. S199959.  Lod. Doc. No. 13.  That petition raised the following claims: (1) ineffective assistance of trial counsel, (2) denial of right to fair trial, and (3) ineffective assistance of appellate counsel.  Id. Examination of the California Supreme Court's website reflects that petitioner's habeas petition was denied on May 23, 2012.[1]

On March 30, 2012, respondent filed the instant motion to dismiss.  Petitioner opposes this motion and also seeks leave to file a third amended petition.

DISCUSSION

Respondent moves to dismiss all claims asserted in the SAP.  He argues first that petitioner's ineffective assistance of appellate counsel claim is untimely.  He then argues that all claims are unexhausted.

---

[1] http://appellatecases.courtinfo.ca.gov

3

A. <u>Untimely Claim</u>

Section 2244(d) of Title 28 of the United States Code contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In most cases, the limitations period begins running on the date that the petitioner's direct review becomes final, pursuant to subsection (d)(1)(A). In such cases, a federal petition for writ of habeas corpus ordinarily must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of time to seek direct review. E.g., <u>Porter v. Ollison</u>, 620 F.3d 952, 958 (9th Cir. 2010). When a habeas petitioner seeks discretionary review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires. See <u>Gonzalez v. Thaler</u>, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). A petition filed in the United States Supreme Court must be filed within ninety days

4

after entry of judgment in the state court.  See Sup. Ct. R. 13-1.

In this case, petitioner's judgment became final for the purposes of AEDPA on June 9, 2009, ninety days after the date that the California Supreme Court denied his petition for review.  Thus, petitioner had until June 10, 2010 to file a petition for writ of habeas corpus in this court.  Petitioner, however, did not assert his ineffective assistance of appellate counsel claim until he filed the SAP on December 9, 2011, long after the AEDPA statute of limitations expired.

1. Statutory Tolling

The time during which a "properly filed" application for state post-conviction or collateral review (including California habeas proceedings) is pending does not count toward this one-year period.  28 U.S.C. § 2244(d)(2); Porter v. Ollison, 620 F.3d at 958.  However, a petition filed after the expiration of the statute of limitations has no effect on the timeliness analysis.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) (state petition filed after expiration of § 2244 period cannot resuscitate expired period); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Untimely petitions are not properly filed.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (where state court rejects petition as untimely, it was not "properly filed" and petitioner is not entitled to statutory tolling); Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (if state court rules that petition is untimely, that is "the end of the matter," regardless of whether state court also addressed merits of the claims, or whether timeliness ruling was "entangled" with the merits).

Additional tolling rules apply when a petitioner files two sets of state habeas petitions.  Where a petitioner elects to begin a second round of petitions in the Superior Court before completing a full round of review through the highest available state court, petitioner may be entitled to interval tolling between the first and second Superior Court petitions if the second

petition is timely, and "the successive petition was attempting to correct deficiencies of a prior petition," because the petitioner "is still making proper use of state court procedures and habeas review is still pending."  See Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010).  A second round of properly filed California habeas petitions may also toll the § 2244(d)(1) period if the second is filed before the federal deadline expires; however, a second round will not toll the AEDPA deadline if the second petition is "untimely or an improper successive petition."  See id., citing Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir.), cert. denied, 130 S. Ct 193 (2009) (untimely state court petition not properly filed).

Under California state law, a successive petition presenting additional claims that could have been presented in an earlier collateral petition is, of necessity, a "delayed petition."  See In re Clark, 5 Cal. 4th 750, 770 (Cal. 1993).[2]

Petitioner filed his initial petition for writ of habeas corpus in the state superior court on January 26, 2010, which was denied on March 4, 2010.  This petition tolled the one-year period for 37 days, providing petitioner with a new deadline of July 19, 2010[3] to assert his ineffective assistance of appellate counsel claim.  Petitioner filed a second petition for writ of habeas corpus in state court on April 21, 2011.  This, however, did not statutorily toll the one-year period because it was filed after the one-year period's expiration.

2.   Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing.  See

---

[2] There is no California rule which prohibits the filing of a successive petition, though such a petition may be procedurally barred.  Cf. 28 U.S.C. § 2244(a), (b) (petitioner seeking to file successive petition in federal district court must first obtain authorization from the Court of Appeals) with Cal. Rules of Court R. 4.551 and Cal. Penal Code § 1474.

[3] The actual date for filing would have been July 17, 2010, which was a Saturday.  Where a deadline falls on a court holiday or a weekend, the deadline is extended to the next business day.  Fed. R. Civ. P. 6(a).

6

Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 130 S.Ct. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097 (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). This is a very high threshold, "lest the exceptions swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).

For example, the Ninth Circuit has found that a prisoner's lack of access to his legal file may warrant equitable tolling, but that "ordinary prison limitations on [petitioner's] lack of access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner." Ramirez, 571 F.3d at 998 (prisoner not entitled to equitable tolling for time in administrative segregation when he had only limited access to law library and copier).

Here, petitioner seeks equitable tolling on the ground that he began experiencing medical problems related to his vision on or around May 2011 which prevented him from filing a timely claim. This argument fails because the statute of limitations expired nearly one year prior to the onset of petitioner's vision problems. Accordingly, petitioner is not entitled to equitable tolling, and this claim is subject to dismissal with prejudice.

B.  Failure to Exhaust

A federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. Rhines v. Weber, 544 U.S. 269, 273-74 (2005); King v.

7

Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court – that is, 'exhaust' them – before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.").

A petitioner meets the exhaustion requirement by presenting to the highest state court all his federal claims before presenting those claims to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

Respondent is correct to note that at the time petitioner filed the SAP, all three claims asserted in the SAP were unexhausted because they had not yet been presented to the California Supreme Court. It appears though that the state's highest court has since been presented with those claims and has denied the state habeas petition. Therefore, petitioner's claims are now exhausted. In the interests of judicial economy, the court will recommend that the motion to dismiss be denied as to this ground.

C.  Motion for Leave to Amend

Also pending before the court is petitioner's motion for leave to amend to file an amended petition. Although petitioner has not submitted a copy of the proposed amended petition, see Local Rule 137(c), he does state that he intends to amend in order to add his insufficiency of evidence claim. As previously noted, this claim was previously exhausted on direct review of petitioner's conviction. Good cause appearing, this request should be granted. Petitioner is warned, however, that because this will be petitioner's third attempt to submit a proper habeas petition, he will be granted no further opportunities to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 30, 2012 motion to dismiss be granted in part;

2. Petitioner's claim of ineffective assistance of appellate counsel be dismissed

with prejudice as untimely; and

       3. Petitioner be granted leave to file a third amended petition within thirty days from the adoption of these findings and recommendations.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2013.

                                                   ALLISON CLAIRE
                                                   UNITED STATES MAGISTRATE JUDGE

/mb;vega0398.mtd